UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
UNITED STATES OF AMERICA

JEREMY CHAD STROTHER, DEWAIN
STROTHER, & TERRY LEE ANTHONY                        CA: _____

VERSUS

BRIAN ANDERSON, MAURICE LEONE,
SABINE PARISH SHERIFF'S DEPARTMENT          JUDGE: _____
Through, Sheriff Aaron Mitchell, WILLIAM
FITZPATRICK, TRISTAN GRAVES,
RANDY RIVERS, RANDY SIMS, CITY OF
ZWOLLE through Mayor G.J. "Pie" Martinez          MAG: _____
****************************************************************************

## COMPLAINT FOR DAMAGES

## 1.

## INTRODUCTION

This is a lawsuit brought by the Plaintiffs, JEREMY CHAD STROTHER, DEWAIN STROTHER

and TERRY LEE ANTHONY (sometimes referred to herein as "Complainants"), for violation of

Constitutionally protected rights, as well as state law claims under La. CC art. 2315 for false arrest,

mental anguish, and malicious prosecution and La. C.C. art. 2320 for vicarious liability.

Compensatory and punitive damages are sought against the police officers and deputies involved

in the civil rights violation both in their official capacities and personal capacities, and their

employers, the Sabine Parish Sheriff's Department, through Sheriff Aaron Mitchell and City of

Zwolle through Mayor G.J. "Pie" Martinez, for state law torts in their official capacities, where

appropriate.

## STATEMENT OF JURISDICTION AND VENUE

### 2.

This Honorable Court has federal question jurisdiction over the subject matter of this claim pursuant to 28 U.S.C. 1331, 1343 (a)(1), (2), and (4) and 42 U.S.C. § 1983. This action arises under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, Constitution of the State of Louisiana, and Louisiana Civil Code. This Court has jurisdiction of this cause under La. Const. art. 5, §  10 and 16.

### 3.

Federal jurisdiction over pendant state claims is governed by 28 U.S.C. § 1367, which states: "[I]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action... that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The state law claims under La. CC art. 2315 for false arrest, mental anguish, and malicious prosecution and La. C.C. art. 2320 for vicarious liability.

### 4.

Plaintiff brings this action to redress the deprivation under the color of state law of rights, privileges and immunities secured to her by provisions of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### 5.

Venue is proper with this Honorable Court as at all material times, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district.

**6.**

At all times relevant herein, all law enforcement officials herein were acting under color of state law in the course and scope of their duties and functions as agents, servants, and employees of their employer named herein, and otherwise performed and engaged in conduct incidental to their performance of their lawful functions in the course of their duties.

**7.**

On information and belief, Defendants, BRIAN ANDERSON, MAURICE LEONE, TRISTAN GRAVES, WILLIAM FITZPATRICK, RANDY RIVERS, RANDY SIMS, CITY OF ZWOLLE, and SABINE PARISH SHERIFF'S DEPARTMENT's policy, practice and custom of engaging in faulty investigations, false arrests and false imprisonment has been promulgated, effectuated and/or enforced in bad faith as a matter of express policy or custom and contrary to clearly established law.

**8.**

In defiance of the clear constitutional command, DEFENDANTS have at all times relevant herein, promulgated, implemented, enforced and/or failed to rectify a policy, practice and custom allowing officers and deputies to engage in the sort of constitutional violations averred herein without proper oversight or sufficient corrective action. This policy or custom has resulted in the violation of the most fundamental rights of COMPLAINANTS herein.

**9.**

As a direct and proximate result of the acts described herein effected pursuant to this policy or custom, COMPLAINANTS have suffered severe psychological pain and suffering, mental anguish, and loss of wages.

**10.**

**DEFENDANTS**

Made Defendants herein are:

DEPUTY BRIAN ANDERSON, a citizen of Louisiana and resident of Sabine Parish, who, at all times relevant to this complaint, was a deputy working for and acting in the course and scope of his employment and acting under the color of law with the Sabine Parish Sheriff's Department. He is being sued in his official and personal capacities.

DEPUTY MAURICE LEONE, a citizen of Louisiana and resident of Sabine Parish, who, at all times relevant to this complaint, was a deputy working for and acting in the course and scope of his employment and acting under the color of law with the Sabine Parish Sheriff's Department. He is being sued in his official and personal capacities.

SABINE PARISH SHERIFF'S DEPARTMENT, through SHERIFF AARON MITCHELL, in his official capacity as employer of defendant, Deputy Brian Anderson, and vicariously liable for state law delicts of said Defendant through La. CC 2320. This is the current sheriff. However, the sheriff at the time of the incident was Sheriff Ronnie Richardson.

OFFICER WILLIAM FITZPATRICK, a citizen of Louisiana and resident of Sabine Parish, who, at all times relevant to this complaint, was an officer working for and acting in the course and scope of his employment and acting under the color of law with the City of Zwolle. He is being sued in his official and personal capacities.

OFFICER RANDY RIVERS, a citizen of Louisiana and resident of Sabine Parish, who, at all times relevant to this complaint, was an officer working for and acting in the course and scope of his employment and acting under the color of law with the City of Zwolle. He is being sued in his official and personal capacities.

OFFICER RANDY SIMS, a citizen of Louisiana and resident of Sabine Parish, who, at all times relevant to this complaint, was an officer working for and acting in the course and scope of his employment and acting under the color of law with the City of Zwolle. He is being sued in his official and personal capacities.

OFFICER TRISTAN GRAVES, a citizen of Louisiana and resident of Sabine Parish, who, at all times relevant to this complaint, was an officer working for and acting in the course and scope of his employment and acting under the color of law with the City of Zwolle. He is being sued in his official and personal capacities.

CITY OF ZWOLLE, through MAYOR G.J. "PIE" MARTINEZ, in his official capacity as employer of defendant, Officer William Fitzpatrick, Officer Randy Rivers, and Officer Randy Sims, and vicariously liable for state law delicts of said Defendant through La. CC 2320.

## FACTUAL ALLEGATIONS

**11.**

On or about December 14th, 2019, Plaintiffs were attending a high school basketball game in Zwolle, Sabine Parish, Louisiana.

**12.**

At the end of the ballgame, a questionable call was made by the referee that would have been outcome determinative of the game.

**13.**

As the coach for Florien High School, complainant, DEWAIN STROTHER, followed the referee off the court to inquire about the reasoning for the referee's call, which he was very much in is right to do as the coach.

**14.**

The referee ran off the court into the lobby a Zwolle High School, as DEWAIN STROTHER entered the lobby area where the referee had just gone, suddenly and without warning, DEFENDANTS committed a batter upon the person of DEWAIN STROTHER. This initial attacker was DEPUTY MAURICE LEONE. The other officers immediately followed suit without having assessed the situation prior to the attack upon DEWAIN STROTHER.

**15.**

As a result of the battery, DEWAIN STROTHER suffered physical damages to his right knee and shoulder, loss of consciousness, and heart palpitations.

**16.**

Subsequent to the battery upon DEWAIN STROTHER, his son and co-complainant, JEREMY CHAD STROTHER, who witnessed the attack, went immediately to attend his father. As

JEREMY CHAD STROTHER approached the incident.  He was addressed by Pleasant Hill, Chief of Police, Ray Williams.  Chief Williams instructed JEREMY CHAD STROTHER to go get his dad, DEWAIN STROTHER.  Chief Williams was also yelling for DEFENDANTS to let go of DEWAIN STROTHER.

**17.**

DEFENDANTS became irate and began attempting to attack JEREMY CHAD STROTHER, who was merely trying to help his father up off the ground and get him to the locker room safely. This officer, believed to be DEFENDANT RIVERS, had to be restrained by his fellow officers to stop the officer from attacking JEREMY CHAD STROTHER.

**18.**

Upon arrival to the entrance of the lobby, JEREMY CHAD STROTHER retrieved his father and escorted him to the locker room as DEWAIN STROTHER was struggling to walk on his own due to the heart palpitations and light-headedness from the attack that had just occurred.

**19.**

After JEREMY CHAD STROTHER escorted his father to the locker room, one of the defendants indicated that he, JEREMY CHAD STROTHER, was acting inappropriately and needed to leave the gym.

**20.**

When told to leave the gym, JEREMY CHAD STROTHER attempted to explain to the officer that he was merely checking on his father and escorting him to the locker room, to no avail.

**21.**

Ultimately, JEREMY CHAD STROTHER left the gym without incident. However, OFFICER FITZPATRICK alleged that he was required to apply an arm bar to JEREMY CHAD STROTHER,

which does not appear to be true as the entirety of the incident was captured on video, and no arm bar was ever applied to JEREMY CHAD STROTHER.

**22.**

Despite JEREMY CHAD STROTHER leaving the gym without incident, OFFICER WILLIAM FITZPATRICK and/or OFFICER RANDY RIVERS chased him down the hallway of the school, for no other reason than believed to be to initiate yet another altercation with JEREMY CHAD STROTHER. Presumably, this is when the allegedly arm bar was applied.

**23.**

During the incident, complainant, TERRY LEE ANTHONY, was present and standing in very close proximity to JEREMY CHAD STROTHER, during the entirety of the incident.

**24.**

TERRY LEE ANTHONY was punched or struck and violently pushed, two different times, by DEFENDANT RANDY RIVERS.

**25.**

Despite the mistreatment by the officer, TERRY LEE ANTHONY was not arrested for any reason.

**26.**

On the night of the incident, COMPLAINANTS were not placed under arrest. However, complainants, JEREMY CHAD STROTHER and DEWAIN STROTHER, were called to present themselves to the Sabine Parish Sheriff's Department on December 20th, 2019 where they were arrested, booked, and subsequently bonded from the Sabine Parish jail.

**27.**

DEWAIN STROTHER was arrested for La. R.S. 14:38.4 Harassment of a School or Recreation Athletic Contest Official.

**28.**

JEREMY CHAD STROTHER was arrested for La. R.S. 14:122.2 Threatening a Public Official, La. R.S. 14:108 Resisting an Officer, and La. R.S. 14:103 Disturbing the Peace.

**29.**

Despite the false allegations and arrests of each of these complainants, they continue to defend themselves from these false allegations in the 11th Judicial District Court under docket number, #80,101. Both have an upcoming trial date of January 19th, 2021.

**30.**

To date, no charges have been pursued against the officers for assault, battery, or any other criminal charges for the actions of and of the officers or deputy.

**31.**

At all times concerning this cause of actions, the officers and deputy involved were acting in the course and scope of their employment as state actors. Upon reason and belief that DEFENDANTS falsified a warrant for their arrest of COMPLAINANTS, as no probable cause existed for the arrested.

**32.**

COMPLAINANTS aver that the prosecution levied against them was absent probable cause.

**33.**

COMPLAINANTS, further, aver that DEFENDANTS acted with the presence of malice or with such reckless disregard Plaintiffs' rights as to rise to the level of malice in forcing the action against them.

**34.**

As a result of DEFENDANTS' malicious prosecution, false arrest, and such other actions taken against COMPLAINANTS, they have suffered many damages.

**CIVIL RIGHTS VIOLATIONS**

**35.**

DEFENDANTS actions were malicious and recklessly indifferent to the COMPLAINANTS' federally protected rights under the Fourth and Fourteenth Amendments. Punitive damages are requested.

**36.**

COMPLAINANTS allege that all relevant times, DEFENDANTS were acting under the color of law and acting in the course and scope of their employment as officers and a deputy of the SABINE PARISH SHERIFF'S DEPARTMENT, through SHERIFF AARON MITCHELL and CITY OF ZWOLLE through MAYOR G.J. "PIE" MARTINEZ.

**37**.

The actions utilized by DEFENDANTS were illegal, excessive and, thus, constituted an unreasonable seizure of Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution and arise to the level of a violation of 42 U.S.C. 1983.

**38.**

COMPLAINANTS are entitled to reasonable attorney's fees in this action, if found to be appropriate by this Honorable Court.

**39.**

As a result of the false arrest and malicious prosecution by DEFENDANTS, COMPLAINANTS have suffered special damages including medical bills, past, present and future; and general damages, including but not limited to pain, fear, anxiety, mental distress, loss of enjoyment of life, past and future lost wages as well as other damages to be proved at trial. Defendants, DEPUTY BRIAN ANDERSON, DEPUTY MAURICE LEONE, OFFICER WILLIAM FITZPATRICK, OFFICER RANDY RIVERS, OFFICER RANDY SIMMS, and OFFICER TRISTAN GRAVES, individually, and in their official capacities as officers/employees of the SABINE PARISH SHERIFF'S DEPARTMENT through SHERIFF AARON MITCHELL and CITY OF ZWOLLE through MAYOR G.J. "PIE" MARTINEZ, are being sued for the following reasons, to wit:

A. Intentionally and/or negligently depriving COMPLAINANTS of their constitutional rights and participating in unlawful acts including: conspiring to unlawfully seize and detain them and inflicting emotional distress upon them;

B. Failing to do what they should have done and to being callously indifferent to the constitutional rights of COMPLAINANTS, including knowingly violating what they knew or should have known to be those constitutional rights;

C. Failing to adhere to proper standards;

D. Failing to following all internal procedures, safeguards and protocol required by generally accepted law enforcement procedures and/or the Zwolle Police Department and Sabine Parish Sheriff's Department; and

E. All of their actions were undertaken under color of law, and within the scope of their employment such that their employers are liable for their actions.

**40.**

COMPLAINANTS incorporate all the foregoing allegations, herein. Additionally, under state law, COMPLAINANTS are entitled to damages for DEFENDANTS' tortious acts on them, including battery, false arrest, intentional infliction of emotional distress, and negligent infliction of emotional distress. The SABINE PARISH SHERIFF'S DEPARTMENT through SHERIFF AARON MITCHELL and CITY OF ZWOLLE through MAYOR G.J. "PIE" MARTINEZ, as the employers of DEPUTY BRIAN ANDERSON, DEPUTY MAURICE LEONE, OFFICER WILLIAM FITZPATRICK, OFFICER RANDY RIVERS, OFFICER RANDY SIMS, and OFFICER TRISTAN GRAVES are vicariously liable for the delicts of its employees under La. C.C. 2320. Defendants are liable to Plaintiff for their acts and omissions for:

A. Wrongful arrest;

B. Mental anguish;

C. Assault;

D. Battery;

E. Second degree battery;

F. Wrongful arrest and detention; and

G. Malicious prosecution.

**DAMAGES**

**41.**

Those acts described above caused resulting injury to COMPLAINANTS. These include, but are not limited to:

A. Mental suffering and anguish;

B. Psychological suffering and anguish;

C.  Emotional distress, inflicted both negligently and intentionally;

D.  Economic losses including having to pay Attorney's Fees for the defense of the above mentioned charges; and

E.  Lost wages.

**42.**

COMPLAINANTS seek and are entitled to attorney's fees under 42 U.S.C. 1981, 1983 and 1988, and COMPLAINANTS seek damages under La. C.C. art. 2315, 2320, and such other related, relevant articles under Louisiana law.

**43.**

COMPLAINANTS request TRIAL BY JURY.

**PRAYER FOR RELIEF**

COMPLAINANTS request that this Court assume jurisdiction over this cause, grant them compensatory and punitive damages, costs and attorney's fees, judicial interest running from date of demand, and award all other proper relief.

Respectfully Submitted,

/s/ *Mary K. "Katie" Beaird*
**Mary K. "Katie" Beaird,**
**Attorney at Law**
La. Bar Roll #34,440
303 E. Texas Street
Leesville, LA 71446
T (337) 944- 0299
F (337) 415- 0081
Mkb@marykbeaird.com